IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT K. DECKER,
Petitioner,

v().

DAN SPROUL,
Respondent.

Case No. 23–CV–00199–JPG

**MEMORANDUM & ORDER**

This matter comes before the Court on Petitioner Robert Decker ("Petitioner" or "Decker") Petition for Writ of Habeas Corpus. (Doc. 1). Petitioner is a federal prisoner currently incarcerated at the U.S. Penitentiary in Marion, IL ("Marion USP"), where Respondent Dan Sproul ("Respondent") is the warden. Petitioner is challenging the loss of 30 days[1] of good conduct credit based on discipline he received at Marion USP.

This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other habeas corpus cases like the one at bar.

The Court notes there is a discrepancy between Petitioner's filings in this case – it appears Petitioner is complaining of two separate incidents. On January 23, 2023, Petitioner filed the instant petition for writ of habeas corpus (Doc. 1). In his initial petition, he refers to a case

---

[1] In Petitioner's brief filed on March 1, Petitioner indicates he received loss of 27 days good time credit.

originally filed Judge Rosenstengel's chambers. *See Decker v. Warden*, Case No. 18-CV-1531-NJR. In his initial petition, he requests a restoration good conduct credit regarding a hearing on December 20, 2019. (Doc. 1 at ¶ 4). Petitioner states he was denied "due process rights to present evidence," was not given a letter prompting the incident report on January 1, 2017, and could not prepare a defense, and that the Disciplinary Hearing Officer ("DHO") J. Bradley was not impartial against him. *Id*. at ¶¶ 8, 9. On March 1, 2023, Decker filed a brief in support of his § 2241. (Doc. 3). In Decker's brief, he argues he was accused of an infraction on November 16, 2021, for violating code 299 for "attempting to add my wife's email address." *Id*. at 2. He states he was not seen by a DHO officer until March 1, 2022 and was not served with a report until October 18, 2022. Additionally, he argues he was denied a staff representative, was unable to gather evidence, as well as other claims. It is clear that Decker is complaining of two different incidents, as evidenced by the separate incident report numbers on each document. The incident report number in his initial petition matches the incident report from Case No. 18-CV-1531-NJR. Additionally, in the first petition, he indicates he received a loss of 30 days good time credit, whereas in his brief, he indicates he received 27 days loss good time credit.

While it is clear Petitioner is speaking of two separate incidents, it is unclear to this Court which incident he wishes to proceed on in a § 2241. The Court ORDERS Petitioner to clarify his position and file an amended petition under § 2241. Petitioner's Amended Petition is due April 7, 2023. This Amended Petition will be the basis on Decker's § 2241 petition, and any briefs in support must be included in the Amended Petition.

**IT IS SO ORDERED.**
**DATED: March 8, 2023**

                                          /s J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **UNITED STATES DISTRICT JUDGE**